UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Darren Starr</u>

    v.                                          Civil No. 05-cv-368-JD

<u>Major Dennis Cox, et al.</u>

**O R D E R**

Plaintiff moves to compel production of a videotape of an alleged violation of the prison Tai Chi policies on July 3, 2006 by inmate Christopher Kennard and the disciplinary or incident report and reports or statements related thereto.

By letter of 6 July 2006, these discovery requests were made to defense counsel. The letter was received on 10 July 2006 by counsel. On the 10th or 11th counsel conveyed the request to the Warden orally. The letter request was not forwarded to the Warden by mail or by fax. It is clear from counsel's statements and the Warden's testimony that the request was not communicated as one for a video taken within two days of July 5th, but of an earlier video in the spring of 2006. A fair and thorough reading of the letter makes it clear that the request relates to the July 2006 event. The miscommunication was a result of inadvertent negligence either by counsel, the Warden or both. It was not

intentional.

By the date of receipt of the plaintiff's second letter of 13 July 2006 to counsel, clarifying the name of the complaining officer, Kennard had been exonerated of the charge. Unfortunately, since no action was taken by the prison to preserve the tape it was reused and taped over on or after July 18th and the evidence was lost.

The video may well have provided evidence of appropriate Tai Chi practice of a prisoner after his "education" by new policy and an earlier disciplinary for inappropriate prior practice by the same prisoner.  Defendant's inadvertent negligence has resulted in spoliation of evidence and an appropriate sanction is as follows:

>    If defendant introduces the video of Kennard used in the preliminary injunction hearing, plaintiff is entitled to admission into evidence of the following (and the jury or judge informed that):
>
>    >    Prisoner Kennard was videotaped on July 3, 2006 while engaged in Tai Chi exercises.  He was charged with "throwing punches . . . in violation of the Tai Chi memorandum dated 5/27/05".  Prisoner Kennard was

>exonerated of the charge of "throwing punches" upon a
review of the videotape by the Hearing Officer.
Plaintiff made a timely request on July 5th that the
tape be preserved for evidence.  Defendant failed to
preserve the tape through inadvertence attributable to
a miscommunication between defense counsel and Warden
Blaisdell.

The records responsive to requests #1 and #3, as redacted by the court are ordered produced.

Plaintiff is entitled to his costs of $20.00 which the Warden is ordered to assure are deposited in his prisoner account within ten (10) days.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 11, 2006

cc:   Mary E. Maloney, Esq.
      Darren Starr, *pro se*