```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Darren Starr

    v.                             Civil No. 05-cv-368-JD

Dennis Cox, et al.


<u>O R D E R</u>

    As allowed on preliminary review, Darren Starr brings claims against prison personnel alleging violations of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  At present, this case is scheduled for trial to begin on September 18, 2007.  The defendants have filed a motion for summary judgment that addresses only the plaintiff's claim under the RLUIPA, although it acknowledges his claims under the First and Fourteenth Amendments.  Starr has filed a motion to compel discovery, arguing that his ability to respond to the motion for summary judgment is impaired by a lack of adequate responses to his discovery requests.

    The motion for summary judgment cannot be addressed if a bona fide discovery dispute exists.  In addition, the defendants appear to have overlooked two of Starr's three claims in their motion for summary judgment in which they seek a judgment that might resolve the case.

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 63) is terminated without prejudice to file a new motion after the discovery dispute is resolved. The plaintiff's motion to compel discovery (document no. 70) is referred to the magistrate judge. Because the motion for summary judgment is terminated and further proceedings are required in this case, the orders denying the plaintiff's motion for an extension of time (document no. 66) and to continue trial (document no. 67) are vacated, and the motions are terminated as moot.

If appropriate, the defendants shall file a renewed motion for summary judgment, addressing all three of the plaintiff's claims, within thirty days following resolution of the discovery dispute. The plaintiff will have the time allowed in the local rules to respond. Any motion for summary judgment that addresses fewer than all of the claims is a motion for partial summary judgment and should be so titled if that is the relief that is sought.

The trial date for this case will be rescheduled to a date no earlier than January of 2008.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 26, 2007

cc:  Mary E. Maloney, Esquire
     Darren Starr, pro se